UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD R. BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TRELLEBORG SEALING | ) |
| SOLUTIONS US, INC., D/B/A | ) |
| TRELLEBORG SEALING | ) |
| SOLUTIONS FORT WAYNE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Richard R. Barrett ("Barrett"), by counsel, for his causes of action against the Defendant, Trelleborg Sealing Solutions US, Inc., d/b/a Trelleborg Sealing Solutions Fort Wayne ("TSS"), states and alleges as follows:

### I.  INTRODUCTION

1. This is an action brought by Barrett for unlawful discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"). Barrett (age 62 at the time of this Complaint) had worked at TSS for thirteen (13) years until his termination from employment on January 25, 2018. Barrett contends he was discriminated against and harassed by his new younger supervisor on the basis of age and retaliated against after complaining to TSS management of the age discrimination and harassment. Barrett contends that he would not have been terminated but for his age and seeks all relief available under the ADEA including, but not limited to, back pay, front pay, liquidated damages, compensatory and punitive damages, costs and attorney's fees.

## II. PARTIES

2. Barrett is an individual and resident of Fort Wayne, Allen County, Indiana.

3. Trelleborg Sealing Solutions US, Inc., d/b/a Trelleborg Sealing Solutions Fort Wayne is a foreign for-profit corporation organized and existing under and by virtue of the laws of the State of Delaware and with its principal place of business located at 2531 Bremer Road, Fort Wayne, IN 46803.

## III. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this case by virtue of 28 U.S.C. § 1331 and §1343(4) and the ADEA, 29 U.S.C. § 621, *et seq.,* because this action arises out of the Constitution and laws of the United States of America. The United States District Court for the Northern District of Indiana is the proper venue because the parties are located in Fort Wayne, Indiana and the complained of conduct occurred in Fort Wayne, Indiana.

## IV. FACTS

5. Barrett hereby incorporates by reference paragraphs 1 through 4 of his Complaint as if the same were fully set forth herein.

6. In December 2004, Barrett began working at TSS as a Category Purchaser.

7. Barrett had no performance issues during his employment at TSS between December 2004 and January 2017.

8. In February 2017, Kelly Harnack ("Harnack") approximately 48 years old started working at TSS' Fort Wayne, Indiana facility as the Purchasing Manager. Harnack was Barrett's direct supervisor.

9. Before and during Harnack's arrival at TSS in February 2017, Barrett's Key Performance Indicators ("KPIs") were one of the highest in his department at approximately 90% to 97%, far exceeding the minimum guidelines of 83% to 85%.

10. Also, before Harnack arrived at TSS, Barrett had excellent performance reviews for many years and received the highest percentage of pay increases in his department.

11. Shortly after taking over as the Purchasing Manager at TSS' location in Fort Wayne, Harnack terminated two employees and began to harass Barrett.

12. Barrett felt that Harnack was harassing Barrett because of his age. When Harnack became Barrett's supervisor, Barrett was 59 years old.

13. In late April of 2017, Cory Hissong ("Hissong"), a Commodity Purchaser at TSS in Fort Wayne, informed Barrett that Harnack commented to Hissong during a meeting that Barrett was too old to learn anything new. Hissong is now the Purchasing Manager of the Americas at TSS.

14. William Bishop ("Bishop"), age 61, was an employee at TSS for thirty-two (32) years until Harnack wanted Bishop to retire. Harnack told a supervisor, at the time, that he was going to make Bishop's life uncomfortable enough so he would just retire. Harnack would not allow Bishop to work from home one day a week even though Harnack allowed younger employees to work from home if they had a sick child.

15. At a department meeting, Harnack said in front of everyone "you never know how much longer Barrett will be working and retire." Barrett responded that he planned on working for eight more years. It was after that statement that Barrett noticed/felt that Harnack increased the harassment.

16. As the harassment continued, Barrett started sending emails in about October, 2017 to Human Resources Director Julie Brooks ("Brooks") about the harassment that Harnack was directing at Barrett, however, Brooks ignored Barrett until December, 2017 after Barrett inquired again, when Brooks responded stating that she had "been traveling a lot and did not read them." Barrett felt as though Brooks was just ignoring him.

17. On several occasions Barrett talked to Jonas Lundgren ("Lundgren"), the Plant Manager at TSS in Fort Wayne, about Harnack's harassment but Barrett was told by Lundgren on December 14, 2017 that Barrett would have to "work it out with Harnack yourself."

18. On or about January 10, 2018, Barrett requested a meeting with Brooks to discuss Harnack's harassment. Instead of Barrett getting to address his concerns regarding Harnack's harassment, TSS placed Barrett on a Performance Improvement Plan ("PIP").

19. Prior to being placed on the PIP, Barrett through his approximate thirteen years of employment with TSS, had never had any issues with his performance.

20. Barrett maintains that the alleged performance issues that TSS listed on the PIP are without merit and are a pretext.

21. On January 23, 2018, as Barrett was leaving work for the day, he grabbed his coat and a mini bottle of vodka he had purchased a few days earlier that he had forgot about fell out of the pocket of his coat. The mini bottle of vodka was sealed.

23. On January 25, 2018, TSS terminated Barrett for violating a "no alcohol on the premises" policy, although it was unable to point to the actual policy for which it was terminating Barrett, and despite the fact that there was a history of unopened alcohol being present on the premises.

24. Barrett contends that no other employee would have been terminated for this unopened bottle in his or her coat pocket. On the contrary, there was alcohol in the building at TSS all the time and TSS's proffered reason for Barrett's termination is a pretext.

25. For example, Hissong kept two "airplane" bottles of Devil's Cut whiskey in his cabinet. Hissong showed them to Barrett and joked about drinking them when times were chaotic but never actually did, as far as Barrett knows. Several other TSS personnel either brought or were in possession of alcohol on TSS' premises such as TSS Procurement Supervisor Bonnie Everetts ("Everetts"), former TSS Supervisor Andrew Callison ("Callison"), former Commodity Purchaser Josh Stobe ("Stobe"), former Procurement employee Carol Baker ("Baker"), and visitors from other TSS plants.

26. According to the Metropolitan Human Relations Commission's ("The Commission") phone interview of Brooks on March 13, 2019, "Brooks was made aware of other employees having alcohol at work; however, the alcohol that the other employee had were a gift from vendors and it was not brought in by the employees."

27. According to The Commission's on-site interview of Hissong on March 13, 2017, Hissong stated, "There has been alcohol on the premises before but it was sent to salespersons from vendors."

28. Everetts stated to The Commission, "Respondent does have an alcohol policy. Employees are not supposed to have alcohol on the premises. Everetts has seen employees that received gifts from suppliers but she has never seen an employee bring alcohol into the building."

29. Tabitha Jarrett ("Jarrett"), TSS' Human Resource Generalist stated to The Commission that she, "is aware of individual that have received alcohol as a gift. Jarrett received alcohol as a gift for Christmas but she took it home immediately."

30. TSS' substance abuse policy contains a provision which states, "Use of drugs and alcohol alters employee judgment resulting in increased safety risks, employee injuries and faulty decision-making. Therefore, *the possession, use, sale, of controlled substances or alcohol on Company premises or during Company time is strictly prohibited.*"

31. None of the above-mentioned employees of TSS who were in possession of alcohol on TSS' premises, in clear violation of TSS' no alcohol on Company premises policy were ever terminated for violating said policy, except for Barrett.

32. Barrett's termination of employment by TSS was a pretext to get rid of him on account of his age or for other unlawful reasons as set forth in this Complaint.

33. After he was terminated, Barrett filed for unemployment benefits. TSS did not contest Barrett's claim for unemployment benefits until after TSS received notice that Barrett had filed a Charge of Discrimination with the EEOC. After receiving notice of Barrett's Charge of Discrimination, TSS tried unsuccessfully to contest Barrett's receipt of unemployment benefits in an attempt to retaliate further against Barrett.

34. On June 3, 2019, the EEOC issued a Notice of Right to Sue to Barrett and his counsel. The EEOC's Notice of Right to sue letter is attached hereto as Exhibit 1.

35. As a direct and responsible cause of the unlawful discrimination and retaliation of Barrett by TSS, Barrett has incurred damages.

### V. STATEMENT OF CLAIMS

**Count I: Violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. – Unlawful Discrimination**

36. Barrett incorporates by reference paragraphs 1 through 35 of his Complaint as if the same were fully set forth herein.

37. Barrett, 60 years old at the time he was terminated (d/o/b: 6/8/1957), is a member of the protected class under the ADEA.

38. TSS is a qualified employer under the ADEA, as it employs more than twenty (20) employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

39. The reasons proffered by TSS to terminate Barrett were a pretext to get rid of him on account of his age or for other unlawful reasons as set forth in this Complaint.

40. As a direct and proximate result of TSS's unlawful termination of Barrett, Barrett has incurred damages.

41. The age discrimination by TSS against Barrett was willful entitling him to an award of liquidated damages.

**Count II: Violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. – Unlawful Retaliation**

42. Barrett incorporates by reference paragraphs 1 through 41 of his Complaint as if the same were fully set forth herein.

43. Barrett, 60 years old (d/o/b: 6/8/1957) at the time of his termination from TSS, is a member of the protected class under the ADEA.

44. TSS is a qualified employer under the ADEA, as it employs more than twenty (20) employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

45. Barrett would not have been terminated by TSS had he not reported Harnack's inappropriate conduct, harassment and discrimination toward Barrett.

46. As a direct and proximate result of TSS's unlawful retaliation against Barrett, Barrett has suffered embarrassment, humiliation and emotional distress, lost wages and benefits and is entitled to punitive damages to punish TSS and to deter such conduct in the future.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Richard R. Barrett, prays for the following relief:

a) an order granting judgment in his favor;

b) back pay;

c) front pay;

d) liquidated damages;

e) compensatory damages;

f) punitive damages;

g) attorney's fees;

h) costs; and

i) all other relief appropriate under the circumstances.

## **DEMAND FOR JURY TR IAL**

Plaintiff, Richard R. Barrett, by counsel, demands a trial by jury as to all issues so triable.

Respectfully Submitted,

**THEISEN & ASSOCIATES, LLC**

/s/Nathaniel O. Hubley
John C. Theisen (#549-02)
Nathaniel O. Hubley (#28609-64)
810 S. Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: 260-422-4255
Facsimile: 260-422-4245
*Attorneys for Plaintiff*